**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 5
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 120267

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| Sung K Hwang,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Central Portfolio Control, Inc.,<br><br>　　　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Sung K Hwang (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Central Porfolio Control, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of Washington.

## PARTIES

5. Plaintiff Sung K Hwang is an individual who is a citizen of the State of Washington residing in King County, Washington.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Central Porfolio Control, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, on July 1, 2020, Defendant contacted Plaintiff's son by text message to his cell phone.

21. The text message was addressed to Sung, and stated that the message was from Defendant a licensed bill collector and for Sung to call them.

22. Plaintiff's son notified Defendant that they had the wrong number, yet Defendant continued to call Plaintiff's son on multiple occasions and sent him a letter ("the Letter") dated June 22, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

23. The Letter conveyed information regarding the alleged Debt.

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The Letter was received and read by Plaintiff's son.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b)
## As to The Letter

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

28. Plaintiff never gave Defendant consent to communicate with Plaintiff's son in connection with the collection of the alleged Debt.

29. Plaintiff never gave Defendant consent to communicate with any third party in connection with the collection of the Debt.

30. Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

31. Defendant's actions as described herein violate 15 U.S.C. § 1692c(b).

32. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692c(b)
## As to the Text Message

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

35. Plaintiff never gave Defendant consent to communicate with Plaintiff's son in connection with the collection of the Debt.

36. Plaintiff did not give Defendant permission to send text messages to Plaintiff's son.

37. Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA

38. Defendant's actions as described herein violate 15 U.S.C. § 1692c(b).

39. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and is liable to Plaintiff therefor.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

DATED: October 08, 2020



        **BARSHAY SANDERS, PLLC**

        By: /s/ *Craig B. Sanders*
        Craig B. Sanders, Esquire
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 120267